FILED
IN CLERK'S O[FFICE]
U.S. DISTRICT C[OURT]
★ OCT 2 0 2008
BROOKLY[N]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> ED SMITH, ) <br> ) <br>           **Defendant.** ) <br> ) | 06-CR-173 (JBW) <br><br> Statements of Reasons Pursuant to <br> 18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is also required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006).

On March 29, 2006, Ed Smith pleaded guilty to single-count information charging him with conspiracy to commit mail fraud between January 2000 and May 2004. See 18 U.S.C. §§ 1349 and 1341.

1

Smith was sentenced on August 29, 2008. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be thirty-eight and defendant's criminal history category level I. In light of the statutory maximum of twenty years pursuant to 18 U.S.C. § 1341, the guideline range of imprisonment was between 235 and 240 months. The guideline range of fine was between $25,000 and $250,000. A downward departure from the guidelines was authorized pursuant to U.S.S.G. § 5K1.1 in light of the defendant's substantial assistance as detailed by the government's letter.

Smith was sentenced to five years probation, 500 hours community service and a $100,000 fine. The court departed downwards from the Sentencing Guidelines pursuant to U.S.S.G. § 5K1.1. The sentence was also imposed as a variance under 18 U.S.C. § 3553(a) and Booker, 543 U.S. 220.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court considered the "nature and circumstances of the offense and the history and characteristics of the defendants." See 18 U.S.C. § 3553(a)(1). Smith has generally lived a law-abiding life without committing any crime prior to this one. The seriousness of the offense is obvious: the defendant conspired with Newsday and Hoy executives

2

who were not charged by the government to inflate circulation numbers and defraud thousands of advertisers.

The sentence imposed reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A). Any concern that a sentence of probation for this offense threatens to promote disrespect for the law is offset by the heavy the fine imposed. The background of this defendant and the nature and circumstances of the offense support a sentence of five years probation.

Under section 3553(a)(2)(B), the court considered the need for the sentence to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement financial crimes will result in a criminal prosecution and a heavy fine. Specific deterrence is not required in light of the defendant's law abiding background and age.

A $100 special assessment was imposed.

Jack B. Weinstein
Senior United States District Judge

Dated: September 8, 2008
       Brooklyn, New York

3